UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION
____

ISAIAH ROBINSON,

        Petitioner,               Case No. 1:21-cv-659

v.                                    Honorable Paul L. Maloney

GEORGE STEPHENSON et al.,

        Respondents.
_____/

## ORDER TO DISMISS WITHOUT PREJUDICE
## FOR FAILURE TO AMEND AND FAILURE TO CURE DEFICIENCY
## AND DENYING A CERTIFICATE OF APPEALABILITY

This purports to be a habeas corpus action filed by a state prisoner under 28 U.S.C. § 2254. Petitioner is presently incarcerated with the Michigan Department of Corrections in the Macomb Correctional Facility. Following a two-day jury trial in the Newaygo County Circuit Court, Petitioner was found guilty of malicious destruction of police property, in violation of Mich. Comp. Laws § 750.377b, and assaulting a police officer, in violation of Mich. Comp. Laws § 750.81d. The Michigan Court of Appeals described the facts underlying Petitioner's convictions as follows:

> In the late evening hours of April 13, 2016, Robinson's neighbor called 911 to report that Robinson threatened to shoot him. The responding police officer interviewed the neighbor and Robinson. After talking with both of them, the police officer arrested Robinson for assault. After the arrest, Robinson complained that he was experiencing medical difficulties, so the police officer took Robinson to the hospital. At the same time, the arresting officer asked another police officer to get a statement from the complainant. At the hospital, Robinson was resistant and combative, lunging at nearby police officers and making it difficult for the medical staff to examine and treat him. After the doctor cleared Robinson, the police officer drove Robinson to the county jail. During that drive, Robinson kicked the door of the car and attempted to move his hands, which were handcuffed behind his back, to the front of his body, which required the police officer to stop the car and call for

>assistance. Robinson also urinated in the patrol car in an attempt to urinate on the police officer driving the car.

*People v. Robinson*, No. 337004, slip op. at 1 (Mich. Ct. App., Mar. 13, 2018) available at http://publicdocs.courts.mi.gov/opinions/final/coa/20180313_c337004_43_337004.opn.pdf. The trial court sentenced Petitioner as a fourth habitual offender to concurrent sentences of 4 to 15 years for malicious destruction of police property and 3 years, 10 months to 15 years for assaulting a police officer. *See* https://mdocweb.state.mi.us/otis2/otis2profile.aspx?mdocNumber=462832 (visited Aug. 26, 2021). Petitioner became eligible for parole on October 25, 2020; his maximum discharge date is October 25, 2031. *Id*.

Petitioner, with the assistance of counsel, appealed his convictions to the Michigan Court of Appeals raising several issues. That court affirmed the trial court by opinion issued March 13, 2018. Petitioner then filed a *pro per* application for leave to appeal to the Michigan Supreme Court. The supreme court denied leave by order entered December 19, 2018. *People v. Robinson*, No. 157999 (Mich. Dec. 19, 2018), available at http://publicdocs.courts.mi.gov/sct/public/orders/157999_59_01.pdf.

Petitioner commenced this habeas action during July of 2021. The petition appears to be late. Moreover, the petition is full of legal gibberish. The crux of Petitioner's attack on his convictions appears to be that his neighbor's allegations of assault were false and that everything that followed is invalid because it is built on that fraudulent foundation.

Because (1) Petitioner failed to include basic information required by the Court, (2) Petitioner failed to submit his application for habeas relief on the form petition provided by the Court, *see* Rule 2(d), Rules Governing § 2254 Cases and W.D. Mich. LCivR 5.6(a), and (3) the information presented was, in many instances, indecipherable, the Court entered an order to file an amended petition on August 13, 2021. (ECF No. 4.) The Court allowed 28 days for Petitioner

to comply. The Court warned Petitioner that if he failed to comply the Court would dismiss his petition without prejudice.

Petitioner also failed to pay the filing fee or to file the required documents to proceed *in forma pauperis*. Accordingly, the Court entered a deficiency order on August 4, 2021, directing Petitioner to either pay the fee or file the necessary documents to proceed *in forma pauperis*. (ECF No. 3.) The Court allowed Petitioner 28 days to correct the deficiency and warned Petitioner that failure to comply could result in dismissal of the petition without prejudice.

On August 24, 2021, Petitioner filed an "amended" petition. (ECF No. 5.) Petitioner, however, failed to comply with the Court's direction. He did not submit the petition on the approved court form, nor did he include the information required by that form. Instead, he filed another petition that was virtually identical to the first.

On August 24, 2021, Petitioner also filed a response to the deficiency order. (ECF No. 6.) Petitioner did not pay the fee, nor did he file the documents necessary to proceed *in forma pauperis*. Instead, he filed almost 30 pages of legal gibberish that failed to correct the deficiency.

Because Petitioner has failed to comply with the Court's orders, dismissal of this action without prejudice is appropriate. Therefore, the Court will issue a judgment dismissing the action without prejudice.

Under the Antiterrorism and Effective Death Penalty Act of 1996, a petitioner may not appeal in a habeas case unless a circuit justice or judge issues a certificate of appealability. 28 U.S.C. § 2253(c)(1). Rule 22 of the Federal Rules of Appellate Procedure extends to district judges the authority to issue a certificate of appealability. Fed. R. App. P. 22(b). *See Lyons v. Ohio Adult Parole Auth.*, 105 F.3d 1063, 1073 (6th Cir. 1997). Under 28 U.S.C. § 2253(c)(2), the Court must determine whether a certificate of appealability should be granted. A certificate should issue if a

petitioner has demonstrated a "substantial showing of a denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The standard a petitioner must meet depends on whether the issues raised in the petition were denied on the merits or on procedural grounds.

This Court will dismiss Petitioner's application on the procedural grounds of failure to comply with the Court's orders to correct deficiency or amend his complaint on the approved court form. "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a [certificate of appealability] should issue when the prisoner shows, at least, [1] that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and [2] that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Both showings must be made to warrant the grant of a certificate. *Id.* The Court finds that reasonable jurists could not debate that this court correctly dismissed Petitioner's claims on procedural grounds. "Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further." *Id.* Therefore, the Court denies Petitioner a certificate of appealability.

**IT IS SO ORDERED**.

Dated: August 31, 2021 /s/ Paul L. Maloney
Paul L. Maloney
United States District Judge